IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY MCCALLAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-608-WKW |
| | ) | (WO) |
| CARLY B. WILKINS, | ) | |
| as Trustee for Debtors Allegro Law, | ) | |
| LLC and Allegro Financial Services, | ) | |
| LLC, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

On June 22, 2018, Defendant/Appellant Timothy McCallan filed a notice of appeal from the May 29, 2018 Order of the Bankruptcy Court. (Doc. # 1.) The notice of appeal was not filed within the fourteen-day period required by Rules 8002(a)(1) and 8003(a)(1) of the Federal Rules of Bankruptcy Procedure. McCallan is fully cognizant[1] of the fourteen-day time limit, yet he made no effort in his notice of appeal to explain why the appeal is timely or why subject-matter jurisdiction exists despite the untimeliness of the action.

---

[1] *See, e.g., McCallan v. Wilkins*, Case No. 2:18-CV-117, 2018 WL 1384107, at *7 n.12 (Mar. 19, 2018) (dismissing McCallan's earlier appeal from the ongoing contempt proceedings as untimely and stating that, "[w]ith some exceptions not applicable in this case, appeals from final bankruptcy court orders and motions for leave to appeal interlocutory bankruptcy court orders must be filed 'within 14 days after entry of the judgment, order, or decree being appealed.' Fed. R. Bankr. P. 8002(a)(1); Fed. R. Bankr. P. 8003(a)(1); Fed. R. Bankr. P. 8004(a)(1).").

Further, on the basis of the limited record available at this time, it is not apparent that the May 29, 2018 Order is a final order subject to direct appeal pursuant to 28 U.S.C. § 158(a) and Rule 8003 of the Federal rules of Bankruptcy Procedure. In particular, it is not apparent that McCallan's motion for transfer to house arrest and motion for immediate release, which the May 29, 2018 Order denied, asserted new grounds for relief that were unavailable earlier in the ongoing contempt proceedings (including the proceedings that led to the May 23, 2018 Order[2] that required him to remain in jail on grounds that he was in civil contempt for hiding assets and for ongoing refusal to provide financial disclosures). Rather, the May 29, 2018 Order appears to be another nonfinal episode in the bankruptcy court's ongoing attempts to bring McCallan into compliance with its orders and his obligations as a debtor. *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 976-77 (11th Cir. 1986) (applying the "general rule" of non-appealabilty to a contempt order that did not terminate a postjudgment proceeding); *McCallan v. Wilkins*, Case No. 2:18-CV-117, 2018 WL 1384107 at *4-6 (Mar. 19, 2018) (holding that, where McCallan was in jail for contempt pursuant to a previous contempt order, and where he had not asserted new grounds for relief from incarceration that were unavailable at the time of the previous contempt order, a subsequent order refusing to release him from jail

---

[2] The May 23, 2018 Order is the subject of a separate appeal. *See McCallan v. Wilkins*, Case No. 2:18-CV-604.

on grounds that he was still in contempt was not a final appealable order and would not be construed as an order denying relief from a final order under Rule 60(b) of the Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure); *id.* at *8 (collecting cases concerning the nonappealabity of contempt orders); *id.* at *6-8 (distinguishing *United States v. Brumfield*, 188 F.3d 303, 306–07 (5th Cir. 1999), and similar cases on grounds that those cases allowed appeals from the denial of motions to purge where the motions raised new grounds for relief (such as allegations that new efforts at compliance were sufficient to purge contempt) that were not available at the time of the earlier contempt orders); *cf. United States v. Wheeler*, 952 F.2d 326, 327 (9th Cir. 1991) ("We hold that a[n] order refusing to vacate an underlying contempt order is nonappealable when the ground on which vacatur is sought existed at the time the contempt order was entered and the contemnor failed to appeal timely from that order.").

The court is aware that, in certain circumstances, such as when an appeal is not frivolous or interposed for delay, persons appealing from orders of confinement for civil contempt may be eligible for release on bond after the appeal has been pending for thirty days. 28 U.S.C. § 1826(b). To allow the court sufficient time to determine whether subject-matter jurisdiction exists and whether this appeal is frivolous or interposed for delay, no extension will be allowed for complying with the requirements of this Order. Not only does it appear that subject-matter

jurisdiction is lacking, but, given McCallan's full awareness of the time limits for filing an appeal, it also appears that this action is frivolous and/or interposed for delay. Therefore, this court will not entertain a motion for release on bond until McCallan has complied with this Order and demonstrated to the court's satisfaction that jurisdiction exists and that this appeal is *not* frivolous or interposed for delay.

Accordingly, it is ORDERED that, **on or before July 20, 2018,** McCallan shall **show cause** why Wilkins's motion to dismiss for lack of jurisdiction (Doc. # 2) should not be granted, why this appeal should not be dismissed for lack of jurisdiction as untimely and as lacking a final appealable order, why the court should not find that this action is frivolous and/or interposed for delay, and why McCallan and/or his attorneys should not be subject to sanctions (including costs and the opposing party's attorneys' fees) pursuant to this court's inherent powers for filing a frivolous appeal and/or for filing this appeal for the purpose of delay.

Further, it is ORDERED that, **on or before July 20, 2018**, McCallan's attorneys shall **show cause** why they should not be subject to sanctions pursuant to Rule 11(b)(1)-(2) and (c) of the Federal Rules of Civil Procedure for filing a frivolous appeal and/or for filing this appeal for an improper purpose.

Some of issues McCallan and his attorneys are required to address are not discussed in the motion to dismiss. (Doc. # 2.) Moreover, Wilkins's motion to dismiss incorrectly argues that McCallan appealed from a May 23, 2018 Order

4

holding McCallan in contempt and ordering his continued incarceration, rather than from the May 29, 2018 Order refusing to release him on bond or house arrest. Therefore, it is ORDERED that, **on or before July 20, 2018**, Wilkins may opt to file a brief addressing the existence of subject-matter jurisdiction, whether this action is frivolous or interposed for delay, and whether sanctions should be imposed.

DONE this 10th day of July, 2018.

                                          /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE